AMOS F. PARLIN *versus* AMOS F. CHURCHILL. ,

If an execution has been returned satisfied by a levy upon property, and the property did not belong to the debtor, the creditor's remedy may be by action of debt upon the judgment.

Where a judgment in a writ of entry had been recovered, and the demand ant had elected to pay the betterments, allowed to the defendant by the jury, if *after* such proceedings, an execution against said defendant in favor of a third person be levied by a sale of his right in the same land in virtue of possession and improvement thereof, the sale conveys no rights in the land, nor any right in the money to be lodged with the clerk, by the demandant in the writ of entry, for the betterments.

Though the avails of such sale have been indorsed in satisfaction of the execution, such indorsement is not a bar to an action of debt upon the judgment.

DEBT on judgment. The case was submitted for decision upon facts agreed. The defendant resided upon a lot of land. The judgment was recovered in 1843. In Feb. 1847, the defendant's right, title and interest in the farm upon which he resided was seized on an execution issued on said judgment, and was sold at auction to the plaintiff, and out of the avails the execution was returned satisfied in part; viz., for the sum of $236,49. The said sale was made under sect. 36, chap. 94, of the Revised Statutes.

In 1844, one Jonas Marshall commenced an action against this defendant, Churchill, to recover possession of said farm, and in February, 1847, he recovered judgment for the same. The jury appraised Churchill's betterments at $371,25, and Marshall elected to pay the same. Execution for possession was issued, Aug. 3d, 1847, and afterwards Marshall entered into the possession of the farm.

*P. M. Foster,* for defendant.

The only question relates to the $236,49, indorsed on the execution.

The officer's return establishes a discharge to that amount. If the plaintiff under his purchase at the auction, obtained any thing beneficial, it is not for him to say he gave too much for it. It is for him to prove he obtained nothing. In fact the defendant had an interest which the plaintiff took, beyond the mere amount of betterments. There were crops which he took, or could have taken, prior to Marshall's possession. But especially the sale to the plaintiff carried to him the right to the money deposited by Marshall with the clerk for the betterments.

*J. T. Leavitt,* for plaintiff.

Shepley, C. J. orally. — The improvements or betterments, as they have been called, passed to Marshall, who had recovered judgment and elected to pay for the improvements, prior to the sale to the plaintiff. By those proceedings in Court, Churchill's claim was all extinguished. There was nothing which the officer could sell. It is, however, contended, that the sale was an assignment of the right to the money to be paid for the defendant's improvements. Perhaps it would have been so, if the sale had been prior to Marshall's judgment.                    *Defendant defaulted.*